UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>   Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF<br>TRANSPORTATION,<br>1200 New Jersey Avenue, SE,<br>Washington, DC 20590<br><br>   Defendant. | Civil Case No. 1:26-cv-191 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Transportation ("DOT") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel DOT's compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. PPT seeks to promote transparency and broadly disseminate

1

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5.      Defendant DOT is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  DOT has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6.      On October 27, 2025, PPT submitted a FOIA request to DOT requesting records from January 1, 2020, through June 6, 2024, records of outgoing emails from DOT employees Rebecca Beavers, April Marchese and Gretchen Goldman to @usgcrp.gov or to @globalchange.gov (herein referred to as "the Request" and attached as Exhibit A).

7.      The Request seeks documents in the public interest because it will help the public's understanding of DOT's compliance with its own mission and responsibilities.

9.      On October 27, 2025, DOT acknowledged receipt of the Request, referencing File No. OST-2026-0049 (Exhibit "B").

10.     On November 26, 2025, PPT asked DOT for an update on the Request (Exhibit C).

11.     As of the date of filing, PPT has not received any further communication regarding the records from Request.

12.     DOT has still not made any determinations with regard to PPT's FOIA Request despite over 85 days having elapsed. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).  DOT has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

13.     DOT has thus violated its FOIA obligations.

14.     Because DOT failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

15.     PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

16.     PPT's DOT request discussed above was properly submitted request for records within the possession, custody, and control of DOT.

17.     DOT is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

18.     DOT is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

19.     DOT's failure to provide all non-exempt responsive records violates FOIA.

20.     Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOT to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A)  Assume jurisdiction in this matter and maintain jurisdiction until DOT complies with the requirements of FOIA and any and all orders of this Court.

3

B) Order DOT to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E). Grant PPT other such relief as the Court deems just and proper.

Dated: January 21, 2026                    Respectfully submitted,

                                           PROTECT THE PUBLIC'S TRUST

                                           By Counsel:
                                           /s/ Karin M. Sweigart

                                           Karin Moore Sweigart
                                           D.D.C. Bar ID: CA00145
                                           DHILLON LAW GROUP, INC.
                                           177 Post Street, Suite 700
                                           San Francisco, CA 94108
                                           Telephone: 415-433-1700
                                           KSweigart@Dhillonlaw.com

                                           *Counsel for the Plaintiff*